### G. W. WHITE ET AL. v. G. A. PYRON.

Decided March 12, 1900.

**Trespass to Try Title for Leased State School Lands—Burden of Proof as to Improvements.**

Plaintiff applied to the Commissioner of the General Land Office to purchase two sections of State school lands, then leased to defendants, alleging that defendants had not $200 worth of improvements thereon, as required by the statute and as stated in their affidavit filed in the Land Office at the time the lease to them was made. His application to purchase having been rejected, plaintiff sued the lessees in trespass to try title for the lands, alleging that defendants had not $200 worth of improvement thereon, but on the trial there was no evidence adduced by either party as to the improvements. Held, that a judgment in plaintiff's favor for the lands was not warranted.

APPEAL from Fisher. Tried below before Hon. J. M. WAGSTAFF, Special Judge.

*Scarborough & Scarborough,* for appellants.

*Ragland & Durham* and *Theodore Mack,* for appellee.

HUNTER, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought in the District Court of Fisher County on the 14th day of August, 1899, by the appellee Pyron to recover from appellants two sections of public school land lying in said county, which had been leased to appellants by the Commissioner of the General Land Office for ten years, beginning in May and July, respectively, of 1896, the leases having been duly recorded in said county in November of said year. The appellee Pyron claimed the right to recover the land by reason of his two certain applications made to the Commissioner of the Land Office, one in 1898 and the other in January, 1899, alleging that the lessees did not have $200 worth of improvements on either section.

On the trial of the cause he offered evidence to sustain all the allegations of his petition except the one that the lessees did not have $200 worth of improvements on either section. The appellants introduced their leases, and showed that they had been recorded and the lease money due to the State paid, and the evidence closed on both sides, neither party offering any evidence as to the value of the improvements owned by the lessees on the sections in controversy. The Commissioner of the Land Office had refused to award or sell the land to appellee because proof by affidavits had been filed in his office by the lessees that more

than $200 worth of improvements had been made by them upon each section.

The court instructed the jury that because the lessees had not proved that they had as much as $200 worth of improvements on each section, they should find for the appellee, and the verdict and judgment went accordingly, and from this judgment the lessees have appealed.

The petition in this case showed that the plaintiff's application to the Commissioner of the Land Office was to purchase leased lands, and that the commissioner had rejected his application for the basic section on the ground that the lessee had placed on said section improvements of the value of $200, and, in view of this fact, very properly alleged that the lessee had not put improvements thereon to the value aforesaid at the time he made his application to purchase; for, unless he had so alleged, the presumption would have been in favor of the correctness of the commissioner's ruling that the leased land was, for this reason, not subject to sale during the term of the lease. 2 Sayles' Civ. Stats., art. 4218s. And in addition to establishing the facts necessary to entitle him to recover, if the lands had not been leased, the burden was upon the plaintiff to prove that the lessee did not have thereon at the date of plaintiff's application improvements of the value of $200, upon a total failure of which the court should have instructed a verdict against him.

For the error in the court's charge, we order that the judgment in this case be reversed and the cause remanded for a new trial.

*Reversed and remanded.*